RECEIVED
IN LAKE CHARLES, LA
OCT 1 4 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2: 10 CR 00331-00 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| BRYCE THOMAS MEAUX | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is the defendant's objection to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to being assessed four points as a leader/organizer of the conspiracy. Meaux contends that Probation misapplied the sentencing guidelines by applying § 3B1.1(a)'s four-level enhancement to his offense level based on his "leader/organizer" role. He further argues that there is no evidence that he exercised control over, or was otherwise responsible, for organizing the activities of at least one other individual committing the crime.

A defendant "must have been the organizer or leader of at least one other participant" to qualify as a leader/organizer. *United States v. Ronning*, 47 F.3d 710, 712 (5th Cir.1995). In assessing a defendant's role as a leader/organizer, the Sentencing Guidelines direct a court to consider: (1) the defendant's exercise of decision making authority, (2) the nature of the defendant's participation in the commission of the offense, (3) the defendant's claimed right to a larger share of the fruits of the offense, (4) the defendant's degree of participation in the planning or organizing of the offense, (5) the nature and scope of the illegal activity, and (6) the degree of control and authority exercised by

the defendant over others. U.S.S.G. § 3B1.1 app. n. 4.  Meaux argues that he does not qualify as a leader/organizer because he did not exercise control over his co-defendants, he did not dictate the prices for resale, nor did he receive a larger share of the profits.

The Stipulated Factual Basis, which Meaux signed, states that he is a leader and organizer of this drug trafficking organization. It stipulates that he provided two sources for the steroids and that he placed orders for Shayne Weekly. He also supplied Gass and Berza with steroids for distribution to their customers. Meaux also converted and packaged the steroids in his home.

The Government need not produce direct evidence demonstrating that Meaux directed or controlled other participants. *See United States v. Barnett,* 273 F.3d 1094, 2001 WL 1085116 at *4 (5th Cir.2001) (unpublished) (noting that although no direct evidence precisely established that the defendant directed or controlled other participants, the evidence did give a strong inference to that effect). This court may infer from available facts, including circumstantial evidence, that a defendant exercised a leader/organizer role. *See United States v. Cabrera,* 288 F.3d 163, 174 (5th Cir.2002) (finding that the evidence provided an adequate basis for the inference that defendants were leaders/organizers in light of the U.S.S.G. § 3B1.1 app. n. 4 factors); *United States v. Murray,* 648 F.3d 251, 256 -257 ( 5th Cir. 2011).

Meaux will have the opportunity at the sentencing hearing to present rebuttal evidence to prove that he was not a leader/organizer of this conspiracy. Unsupported assertions are not sufficient. The evidence presented in the Presentence Report (PSR) has an adequate evidentiary basis for this court to adopt the facts presented in the PSR without further inquiry and to provide an adequate basis for the inference that Meaux was a leader/organizer of this conspiracy.  *See United*

*States v. Brown,* 54 F.3d 234, 242 (5th Cir.1995; *United States v. Gomez-Solis,* 2001 WL 1466317, 1 (5th Cir. 2001). Absent the introduction of such evidence by the defendant, this objection will be overruled.

Meaux also objects to ¶35 of the PSR which assigns an enhancement for the .45 caliber firearm found in his chest-of-drawers pursuant to search warrant. He argues that his weapon possession does not have the requisite nexus to this offense. He asserts that the "government stipulated that the weapon was not possessed in furtherance of the conspiracy" as is reflected in ¶ 28 of the PSR.

The Stipulated Factual Basis states that the weapon was not possessed in furtherance of the conspiracy, yet Probation submits the two point enhancement is justified pursuant to USSG § 2D1.1(b)(1). The PSR documents that the firearm was recovered from Meaux's home , along with 157 tablets of anabolic steroids (in the same drawer) and 4 bags of steroid powder (in the closet and bottom drawer). Probation submits that Meaux should be held responsible for the firearm because it was not "clearly improbable that the weapon was connected with the offense." USSG §2D1.1(b)(1), comment (n.3).

General principles of contract law are used to interpret the terms of a plea agreement. *United States v. Cantu,* 185 F.3d 298, 304 (5th Cir.1999). The sole measure of performance is the agreement's express terms. *United States v. Cates,* 952 F.2d 149, 153 (5th Cir.1992). In this matter, the plea agreement stipulates that the firearm was not possessed in furtherance of the conspiracy. It is well-settled that the express terms of the contract control; however, the court must also determine whether the government's conduct was consistent with the defendant's reasonable

3

understanding of the agreement. *See United States v. Huddleston,* 929 F.2d 1030 (5th Cir. 1991). This court must consider whether Meaux's basic premise is correct; that is, that through the firearm stipulation, which was the result of negotiations, Meaux reasonably expected to prevent the application of USSG § 2D1.1(b)(1). Based upon the wording of the Stipulated Factual Basis, it is reasonable to conclude that the defendant reasonably expected to prevent the application of USSG § 2D1.1(b)(1). This objection is sustained and the PSR will be modified accordingly.

Lake Charles, Louisiana, this 14 day of October, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE