RECEIVED
IN LAKE CHARLES, LA

NOV 30 2012

TONY R. MOORE, CLERK
BY _____
            DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10 CR 331-01 |
| VS. | : | JUDGE MINALDI |
| BRYCE THOMAS MEAUX | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence [Rec. Doc. 345] pursuant to 28 U.S.C. §2255. The Government filed an Answer [Rec. Doc. 355]. No Reply was timely filed.

The defendant asks the court to vacate his conviction for two reasons. First, Meaux alleges that he was told that he was pleading as an organizer/leader of less than five people. Second, he received the same sentence as Jordan Berza, who Meaux argues was higher on the organizational chart and had a higher offense level.

## PROCEDURAL HISTORY

On June 28, 2011, the defendant pleaded guilty to Count One of an 18-count indictment charging him and several other individuals with regulated offenses. Count One charged him with conspiracy to possess with the intent to distribute and distribute anabolic steroids, in violation of 21 U.S.C. § 846. (Rec. Docs. 223, 225).

On December 14, 2011, Meaux was sentenced to 24 months imprisonment. (Rec. Doc. 287). The Court issued a memorandum ruling addressing the defendant's objections to the presentence

investigation report. (Rec. Doc. 288).

The time for direct appeal lapsed and no direct appeal was filed. Then, on August 17, 2012, the defendant filed a motion for reconsideration of sentence. (Rec. Doc. 343). On August 22, 2012, the Court denied that motion and indicated that the Court had no jurisdiction to reconsider his sentence. The court stated that its only jurisdiction at that point in the proceedings would be through a §2255 motion. (Rec. Doc. 344).

On September 17, 2012, the defendant filed the instant motion. (Rec. Doc. 345).

## LAW

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief

2

under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States,* 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward,* 55 F.3d 412, 414 (5th Cir. 1995); *Shaid,* 937 F.2d at 232; *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks,* 945 F.2d 107, 108 (5th Cir. 1991). A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence. *United States v. Williams,* No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008). To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Jones v. United States,* 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted). Meaux has not established cause and prejudice, a miscarriage of justice, nor has he asserted actual innocence.

Meaux is procedurally barred from raising his claims regarding the enhancements assessed in the Presentence Report as those are claims that he could have raised on direct appeal, but did not raise. *United States v. Willis,* 273 F.3d 592 ( 5th Cir,2001). A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied. Lake Charles, Louisiana, this 29 day of November, 2012.

PATRICIA MINALDI

UNITED   STATES   DISTRICT   JUDGE

3